IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MIN. QUINCEY B. CARPENTER**                                      **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO.: 3:15-cv-383-CWR-FKB**

**CHAIRMAN, MISSISSIPPI ELECTION**
**COMMISSION, HINDS COUNTY**                                     **DEFENDANT**

**CHAIRMAN, HINDS COUNTY, MISSISSIPPI**
**ELECTION COMMISSION'S MOTION TO DISMISS**

Comes now the "Chairman" of the Hinds County Election Commission (hereinafter "Hinds County"),[1] by and through counsel and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and files this Motion to Dismiss. In support of the same, Hinds County would show as follows:

1. Plaintiff filed this suit against the "Chairman" of "the Hinds County Election Commission" on May 26, 2015 alleging both state and federal claims against the moving defendant in an official capacity only. *CM/ECF Doc. No. 1, Compl.* Plaintiff's claims arise out of his not being allowed to vote in the State of Mississippi due to a prior felony conviction. *Id.* at 2. In addition, the Plaintiff claims that Mississippi's Voter I.D. statute is unconstitutional and in violation of the Voting Rights Act. *Id.*

---

[1] Plaintiff names the "Chairman, Hinds County Election Commission" as a defendant in the instant cause, not a particular individual. *Compl.*, p. 2. Thereafter, Plaintiff's Complaint states "The officials are being sued in their official capacity…." *Id.* Because the Plaintiff is suing an unnamed official in his or her official capacity, the Plaintiff's suit is simply a suit against the County itself. See *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Accordingly, the Defendant is referred to as Hinds County throughout the instant motion and supporting memorandum.

2.  According to Plaintiff, in April 2007, he was convicted of robbery and sentenced to five (5) years of probation. *CM/ECF Doc. No. 1*, *Compl.*, p. 2. In accordance with Miss. Code Ann § 23-15-19, Plaintiff's felony conviction disqualified him from being a registered voter. *Id.*

3.  Plaintiff asserts that he has been wrongfully barred from voting legally. *Id.* Furthermore, Plaintiff asserts that Mississippi's Voter I.D. law denies the Plaintiff equal protection of the laws in violation of the Fourteenth Amendment because it does not require absentee, mail-in voters to present voter identification and "disproportionately [a]ffects African Americans" and "dilutes the black vote" in violation of the Voting Rights Act. *Id.*

4.  Plaintiff contends that by acting in accordance with Section 23-15-19 of the Mississippi Code and, thereby disenfranchising him based on his status as a convicted felon, County officials violated his Fourteenth Amendment right to equal protection under the law and the Voting Rights Act. *Compl.*, p. 2. In so doing, Plaintiff fails to state a claim upon which relief can be granted, as the Plaintiff failed to plead a cognizable constitutional or statutory deprivation.

5.  The United States Supreme Court in *Richardson v. Ramirez*, 418 U.S. 24, 56 (1974), held that state felon disenfranchisement statutes do not violate the Equal Protection Clause of the Fourteenth Amendment. *See also Williams v. Taylor*, 677 F.2d 510, 514-15 (5th Cir. 1982)(recognizing that the U.S. Supreme Court has upheld registration procedures fundamentally identical to the Mississippi system.). Likewise, the Fifth Circuit in *Cotton v. Fordice*, 157 F.3d 388, 390 (5th Cir. 1998), rejected the

2

plaintiff's contention that Mississippi's disenfranchising provision, Miss. Const. Art. 12, § 241, is unconstitutional under the United States. Notably, the court in *Cotton* also interpreted Mississippi's disenfranchisement provision as including the crime of robbery. *Cotton,* 157 F.3d at 390. As such, this provision encapsulates the Plaintiff, as Plaintiff's Complaint concedes he was convicted of robbery.

6. Further, the Voting Rights Act explicitly provides that "[i]n the administration of voter registration for elections for Federal office, each State shall…provide that the name of a registrant may not be removed from the official list of eligible voters except… as provided by State law, by reason of criminal conviction or mental incapacity…." 52 U.S.C. § 20507(a)(3)(B).

7. The Plaintiff also alleges that Mississippi's "Voter I.D." law violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, as well as the Voting Rights Act. *Compl.*, p. 2. In order to have standing to sue, a plaintiff must have suffered an "injury in fact," which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560; 112 S. Ct. 2130, 2136 (1992)(internal citations omitted). Next, there must be "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly…trace[able] to the challenged action of the defendant, and not…th[e] result [of] the independent action of some third party not before the court.'" *Id.* at 560-61 (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976)). Finally, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 561.

8. Here, because the Plaintiff is not a qualified elector, the photo identification requirement of Miss. Const. Art. 12, § 249A has never been applied to the Plaintiff. Because the Plaintiff cannot show that he has suffered an injury that is causally connected to the conduct of any County official, nor can he show he suffered an "injury in fact" under the law, Plaintiff does not have standing to bring a claim against the County or its official which challenges the "Voter I.D." law.

9. Finally, Plaintiff's claims are moot. Generally, "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Envtl. Conversation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008). Plaintiff seeks purely injunctive relief in his Complaint. As such, the Court should take judicial notice that the 2015 election has come and gone since Plaintiff filed this suit and any injunctive relief sought pertaining to his right vote in said election is moot. See *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998)("[A] request for an injunction is moot upon the happening of the event sought to be enjoined.").

10. Further, Plaintiff in his most recent filing with the Court on October 1, 2015, represented to this Court that he is no longer a Mississippi resident, but rather resides in New Orleans, Louisiana. *CM/ECF Doc. No. 6*. As such, he is no longer subject to disenfranchisement under Mississippi law. See Miss. Code. Ann. § 23-15-11 ("Every *inhabitant* of this state…who has *resided* in this state for thirty (30) days and for thirty (30) days in the county in which he seeks to vote…shall be a qualified elector)(emphasis added). As such, even if Plaintiff could show that his claims had merit, the County

4

cannot be enjoined to allow him to vote in Hinds County, given that Plaintiff is a Louisiana resident.

WHEREFORE PREMISES CONSIDERED, for all of the reasons cited hereinabove and in the support Memorandum of Authorities, the moving defendant respectfully requests that all of Plaintiff's claims be hereby dismissed.

**DATE:** **January 15, 2016.**

        Respectfully submitted,

        **CHAIRMAN, HINDS COUNTY
ELECTION COMMISSION**

        BY:    /s/William R. Allen
                  One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegl.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system and that I have mailed, via the United States Postal Service, a copy of the forgoing to the following non-ECF participant:

>Quincey B. Carpenter
>1431 Annunciation Street
>New Orleans, Louisiana 70310

This the 15th day of January, 2016.

>/s/William R. Allen
>OF COUNSEL