IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MIN. QUINCEY B. CARPENTER**                                                 **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO.: 3:15-cv-383-CWR-FKB**

**CHAIRMAN, MISSISSIPPI ELECTION
COMMISSION, HINDS COUNTY**                                       **DEFENDANT**

**CHAIRMAN, HINDS COUNTY, MISSISSIPPI
ELECTION COMMISSION'S MEMORANDUM OF
<u>AUTHORITIES IN SUPPORT OF MOTION TO DISMISS</u>**

Comes now the "Chairman" of the Hinds County Election Commission (hereinafter "Hinds County"),[1] by and through counsel and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and files this Motion to Dismiss. In support of the same, Hinds County would show as follows:

## INTRODUCTION

Plaintiff filed this suit against the "Chairman" of "the Hinds County Election Commission" on May 26, 2015 alleging both state and federal claims. *CM/ECF Doc. No. 1, Compl.* Plaintiff's claims arise out of his not being allowed to vote in the State of Mississippi due to a prior felony conviction. *Id.* at 2. In addition, the Plaintiff claims that Mississippi's Voter I.D. statute is unconstitutional and in violation of the Voting Rights

---

[1] Plaintiff names the "Chairman, Hinds County Election Commission" as a defendant in the instant cause, not a particular individual. *Compl.*, p. 2. Thereafter, Plaintiff's Complaint states "The officials are being sued in their official capacity…." *Id.* Because the Plaintiff is suing an unnamed official in his or her official capacity, the Plaintiff's suit is simply a suit against the County itself. See *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Accordingly, the Defendant is referred to as Hinds County throughout the instant motion and supporting memorandum.

[1] Plaintiff names the "Chairman, Hinds County Election Commission" as a defendant in the instant cause of action, yet fails to name an individual. *Compl.*, p. 2. Thereafter, Plaintiff's Complaint states "The officials are being sued in their official capacity…." *Id.* Because the Plaintiff is suing the Chairman in an official capacity only, the Plaintiff's suit is simply a suit against the County itself

## BACKGROUND FACTS

According to Plaintiff, in April 2007, he was convicted of robbery[2] and sentenced to five (5) years of probation. *CM/ECF Doc. No. 1*, *Compl.*, p. 2. In accordance with Miss. Code Ann § 23-15-19, Plaintiff's felony conviction disqualified him from being a registered voter. *Id.* Plaintiff asserts that he has been wrongfully barred from voting legally. *Id.* Furthermore, Plaintiff asserts that Mississippi's Voter I.D. law denies the Plaintiff equal protection of the laws in violation of the Fourteenth Amendment because it does not require absentee, mail-in voters to present voter identification. *Id.* The Plaintiff further alleges that the application of the Voter I.D. statute "disproportionately [a]ffects African Americans" and "dilutes the black vote" in violation of the Voting Rights Act. *Id.*

## CLAIMS

Plaintiff asserts a claim under 42 U.S.C. §1983 for injunctive relief based on the denial of his right to vote due to a prior felony conviction. *Compl.*, p. 2-3. He further claims that the Mississippi Voter I.D. law violates the Fourteenth Amendment of the

---

[2] The Plaintiff's Complaint states: "In April of 2007 the plaintiff was convicted of robbery by written instrument for a 2005 arrest and given five (5) years[s] probation…." *Compl.*, p. 2. However, there is no charge of "robbery by written instrument" under state law. Miss. Code. Ann. § 97-3-73, § 97-3-77, §97-3-79, §97-3-81, § 97-3-83.

2

United States Constitution and the Voting Rights Act. *Id.* Plaintiff seeks injunctive relief compelling the Defendant to allow the Plaintiff to vote in all 2015-2016 elections, an order providing that Plaintiff's voter registration not be purged from the voter rolls, and an order "prohibiting the application of MS voter identification laws…." *Id.* at 3.

## STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure governs this Motion inasmuch as a responsive pleading has already been filed. *See Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999); *Robertson v. Mullins*, 2:12-CV-57-MPM-DAS, 2013 WL 1319759, at *1 (N.D. Miss. Mar. 26, 2013)(same). The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendants' Motion, Plaintiffs' Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)). The complaint must allege "sufficient factual matter…to state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

# ARGUMENT

Plaintiff's Section 1983 claim for injunctive relief fails to state a claim upon which relief can be granted. Further, given that Plaintiff is not a registered voter, he lacks standing to bring a claim based on his contention that Mississippi's Voter I.D. statute has violated his constitutional rights.

## I. PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. §1983

Plaintiff asserts he has suffered constitutional violations at the hands of the County. In support of the same, Plaintiff contends that by acting in accordance with Section 23-15-19 of the Mississippi Code and, thereby disenfranchising him based on his status as a convicted felon, County officials violated his Fourteenth Amendment right to equal protection under the law. *CM-ECF Doc. No. 1*, *Compl.*, p. 2. Section 1983 neither provides "a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers. It affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981)(quoting 42 U.S.C. §1983).

### A. <u>Failure to Sufficiently Plead a Constitutional or Statutory Deprivation.</u>

Plaintiff fails to state a claim upon which relief can be granted, as the Plaintiff failed to plead a cognizable constitutional or statutory deprivation.

The United States Supreme Court in *Richardson v. Ramirez*, 418 U.S. 24, 56 (1974), held that state felon disenfranchisement statutes do not violate the Equal Protection

Clause of the Fourteenth Amendment. In *Richardson* the respondents were convicted felons who had served their respective sentences and paroles. *Id.* at 26. They filed a petition for a writ of mandate in the Supreme Court of California to compel California county election officials to register them as voters, claiming that the provisions of the California Constitution and state statutes which disenfranchised persons convicted of a crime violated their right to equal protection under the Fourteenth Amendment. *Id.* at 26-27. The Supreme Court of California agreed with the petitioners, finding that the disenfranchisement portions of the state constitution and state statutes were unconstitutional as applied to petitioners and other similarly-situated convicted felons. *Id.* at 27.

The United States Supreme Court granted certiorari and reversed the California Supreme Court—squarely rejecting the notion that the disenfranchisement of convicted felons violates the Fourteenth Amendment. *Id.; see also Williams v. Taylor,* 677 F.2d 510, 514-15 (5th Cir. 1982)(recognizing that the U.S. Supreme Court has upheld registration procedures fundamentally identical to the Mississippi system.).

Likewise, the Fifth Circuit in *Cotton v. Fordice*, 157 F.3d 388, 390 (5th Cir. 1998), rejected the plaintiff's contention that Mississippi's disenfranchising provision, Miss. Const. Art. 12, § 241, is unconstitutional under the United States constitution because it was enacted with racially discriminatory motives. Section 241 provides as follows:

> Every inhabitant of this state, except idiots and insane persons, who is a citizen of the United States of America, eighteen (18) years old and upward, who has been a resident of this state for one (1) year, and for one (1) year in the county in which he offers to vote, and for six (6) months in the election precinct or in the incorporated city or town in which he offers

5

to vote, and who is duly registered as provided in this article, and who has never been convicted of murder, rape, bribery, theft, arson, obtaining money or goods under false pretense, perjury, forgery, embezzlement or bigamy, is declared to be a qualified elector….

Miss. Const. Art. 12 , § 241. Notably, the court in *Cotton* also interpreted Mississippi's disenfranchisement provision as including the crime of robbery. *Cotton*, 157 F.3d at 390(noting that "there is no crime labeled 'theft' in Mississippi, the term in § 241 is only meaningful it if includes the larceny crimes," which includes robbery). As such, this provision encapsulates the Plaintiff, as Plaintiff's Complaint concedes he was convicted of robbery.

Further, the Voting Rights Act explicitly provides that "[i]n the administration of voter registration for elections for Federal office, each State shall…provide that the name of a registrant may not be removed from the official list of eligible voters except… as provided by State law, by reason of criminal conviction or mental incapacity…." 52 U.S.C. § 20507(a)(3)(B).

In summary, the Plaintiff has failed to demonstrate that his being prohibited from voting because he is a convicted felon violates his constitutional rights and, as such, his constitutional claim must be dismissed.

## II. PLAINTIFF DOES NOT HAVE STANDING TO BRING A CHALLENGE TO VOTER I.D. LAW

The Plaintiff also alleges that Mississippi's "Voter I.D." law violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, as well as the Voting Rights Act. *Compl.*, p. 2. More specifically, the Plaintiff contends avers that the law does not require absentee mail-in voters to show photo identification,

which serves to "disproportionately" affect "African Americans by its application more than their White counterparts" and "disproportionately dilute[] the black vote…." *Id.* Mississippi's "voter I.D." provision is found in the state Constitution and provides in part that a "qualified elector who votes in a primary or general election, either in person at the polls or in person in the office of the circuit clerk, shall present a government issued photo identification before being allowed to vote." Miss. Const. Art. 12, § 249A. Because the Plaintiff is not a registered voter and/or qualified elector and has not suffered an injury under the "Voter I.D." law, he lacks standing to bring the instant claim.

In order for a plaintiff to have standing, the following three (3) elements must be present. First, a plaintiff must have suffered an "injury in fact," defined by the United States Supreme Court as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992)(internal citations omitted). Next, there must be "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.'" *Id.* at 560-61 (quoting *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41–42, 96 S. Ct. 1917, 1926 (1976)). Finally, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 561. "An 'injury in fact' requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Id.* at 563.

In the instant case, given that Plaintiff is not a qualified elector, the moving defendant never applied the photo identification requirement of Miss. Const. Art. 12, § 249A to the Plaintiff. As such, Plaintiff cannot show that he has suffered an injury that is causally connected to the conduct of any County official. This claim fails and must be dismissed.

## III. PLAINTIFF'S CLAIMS ARE MOOT

Generally, "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008). A case becomes moot when "there are no longer adverse parties with sufficient legal interests to maintain the litigation" or "when the parties lack a legally cognizable interest in the outcome" of the litigation. *Id.* As the United States Supreme Court has noted, "it is not enough that a dispute was very much alive when the suit was filed; ... [t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78, 110 S.Ct. 1249, (1990).

Plaintiff seeks purely injunctive relief in his Complaint. The Court should take judicial notice that the 2015 election has come and gone since Plaintiff filed this suit, as such, any injunctive relief sought pertaining to his right vote in said election is moot. See *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998)("[A] request for an injunction is moot upon the happening of the event sought to be enjoined.").

Further, Plaintiff in his most recent filing with the Court on October 1, 2015, represented to this Court that he is no longer a Mississippi resident, but rather resides

8

in New Orleans, Louisiana. *CM/ECF Doc. No. 6.* As such, he is no longer subject to disenfranchisement under Mississippi law. See Miss. Code. Ann. § 23-15-11 ("Every *inhabitant* of this state…who has *resided* in this state for thirty (30) days and for thirty (30) days in the county in which he seeks to vote…shall be a qualified elector)(emphasis added). As such, even if Plaintiff could show that his claims had merit, the County cannot be enjoined to allow him to vote in Hinds County, given that Plaintiff is a Louisiana resident.

## CONCLUSION

For the reasons stated herein, as well as those cited in moving defendant's Motion to Dismiss, Plaintiff's claims against the County and/or its officials are due to be dismissed by this Court.

**DATE:** **January 15, 2016**

                                        Respectfully submitted,

                                        **CHAIRMAN, HINDS COUNTY**
                                        **ELECTION COMMISSION**

                                        BY:     /s/William R. Allen
                                                       One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegl.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system and that I have mailed, via the United States Postal Service, a copy of the forgoing to the following non-ECF participant:

>Quincey B. Carpenter
>1431 Annunciation Street
>New Orleans, Louisiana 70310

This the 15th day of January, 2016.

/s/William R. Allen
OF COUNSEL
