IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**QUINCEY B. CARPENTER**                                                       **PLAINTIFF**

**V.**                                                      **CASE NO. 3:15-CV-00383-CWR-FKB**

**CHAIRMAN, MISSISSIPPI ELECTION**                          **DEFENDANT**
**COMMISSION, HINDS COUNTY**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge F. Keith Ball entered on March 21, 2016. Docket No. 17. The Magistrate Judge's Report and Recommendation recommends dismissing all claims for failure to prosecute.

Plaintiff filed this action on May 26, 2015, Docket No. 1, and the defendant answered the complaint on November 18, 2015, Docket No. 9. On January 7. 2016, the Court set a telephonic case management conference for February 10, 2016. Docket No. 10. Plaintiff failed to appear for the telephonic case management conference and the Court entered a show cause order that was mailed to plaintiff's address in New Orleans, Louisiana. On February 11, 2016, plaintiff filed a change of address and the show cause order was resent to the updated address; however, plaintiff failed to respond to the show cause order by the March 11, 2016 deadline.

In a further attempt to give the plaintiff an opportunity to avoid dismissal of his claims, the Magistrate Judge entered a Report and Recommendation on March 21, 2016 and gave the parties 10 days to file any objections. A copy of the Report and Recommendation was mailed to plaintiff at the address listed on the docket sheet. The objections were due by April 4, 2016. Plaintiff did not file any objections.

This Court has the authority to dismiss an action for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Plaintiff has failed to comply with the Court's orders and it is apparent that plaintiff is no longer interested in pursuing his claims. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

Based on the foregoing, it is ordered that the Report and Recommendation of the Magistrate Judge is adopted as the finding of this Court.

This matter shall be dismissed without prejudice and a Final Judgment will be entered on this day in accordance with this Order.

**SO ORDERED,** this the 14th day of April, 2016.

                 s/ Carlton W. Reeves
                 UNITED STATES DISTRICT JUDGE